## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SALVADOR PANTOJA-JUAREZ, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 12-40077-01-JAR |

### ORDER

On December 17, 2012, the Court sentenced Defendant Salvador Pantoja-Juarez to 60 months' imprisonment (Doc. 26). Before the Court is Defendant's Motion for Early Release Pursuant to Title 18 U.S.C. 3624 (Doc. 41). Defendant states that he is entitled to an alternate release date for non-violent offenders, and requests this Court grant him an immediate early release from imprisonment.

Judicial review of the calculation of Defendant's sentence is not appropriate at this time. Section 3624, cited by Defendant as authority for this motion, is a substantive provision that governs the release of prisoners, and does not provide any authority for this Court to review placement or release decisions made by the Bureau of Prisons ("BOP").[1] Instead, the Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders.[2] Calculation of a federal prisoner's sentence may be reviewed by a *habeas corpus* action under 28

---

[1] *See United States v. Moten*, No. 03-40054-SAC, 2007 WL 2155653, at *1 (D. Kan. July 26, 2007).

[2] *See United States v. Wilson*, 503 U.S. 329, 336-38 (1992).

U.S.C. § 2241.³ However, judicial review is only appropriate after the prisoner has exhausted all of his or her administrative remedies with the Bureau of Prisons.⁴ Here, there is no indication that Defendant has sought administrative relief by presenting to the Attorney General his request for early release and recalculation of his sentence, nor has he brought a *habeas* action under § 2241. Therefore, Defendant's motion is denied.

Moreover, to the extent Defendant is seeking resentencing and modification of his sentence, the Court concludes that it lacks jurisdiction to provide the relief he seeks under 18 U.S.C. § 3582. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."⁵ As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."⁶

---

³*Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000).

⁴*Id.*; *Thomason v. Guzik*, 226 F.3d 642 (5th Cir. 2000).

⁵*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

⁶*United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

As Defendant's argued basis does not fall within any of these three limited avenues under § 3582(c), relief may be obtained only by appealing from the sentence[7] or by filing a petition under 28 U.S.C. § 2255.[8]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Early Release (Doc. 42) is DENIED.

**IT IS SO ORDERED.**

Dated: April 4, 2014

                                                S/ Julie A. Robinson

                                                JULIE A. ROBINSON

                                                UNITED STATES DISTRICT JUDGE

---

[7] Defendant's direct appeal of his sentence was dismissed by the Tenth Circuit Court of Appeals, which granted the Government's motion to enforce the plea agreement. Doc. 40.

[8] *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (citing *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996)).